UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERALD C. POWERS, JR., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> TOWN FAIR TIRE CENTERS, INC., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 04-10950-NG |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT TOWN FAIR TIRE CENTERS, INC.

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Town Fair Tire Centers, Inc. ("Town Fair Tire"), through its undersigned counsel, responds to the allegations set forth in Gerald C. Powers, Jr. ("Plaintiff" or "Powers")' Complaint (the "Complaint") as follows:

1. Town Fair Tire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and thus leaves Plaintiff to his proof.

2. As to the allegations in Paragraph 2 of the Complaint, Town Fair Tire states that it is incorporated under the laws of the State of Connecticut, has a principal place of business in East Haven, Connecticut, and does business in the Commonwealth of Massachusetts. Town Fair Tire denies any remaining allegations in Paragraph 2.

3. Town Fair Tire denies the allegations in Paragraph 3.

4. As to the allegations in Paragraph 4, Town Fair Tire states that this paragraph contains statements and conclusions of law to which no response is required. To the extent this paragraph contains any allegations of fact, Town Fair Tire denies them.

5.      As to the allegations in Paragraph 5, Town Fair Tire admits that Powers submitted an application to Town Fair Tire dated December 2, 2002.  Town Fair Tire denies any remaining allegations in Paragraph 5.

6.      Town Fair Tire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and thus, leaves Plaintiff to his proof.  Further answering, Town Fair Tire denies that it was seeking sales associates for its Danvers and Saugus stores in December, 2002.

7.      As to the allegations in Paragraph 7, Town Fair Tire states that this paragraph contains statements and conclusions of law to which no response is required.  To the extent this paragraph contains any allegations of fact, Town Fair Tire denies them.

8.      As to the allegations in Paragraph 8, Town Fair Tire states that this paragraph contains statements and conclusions of law to which no response is required.  To the extent this paragraph contains any allegations of fact, Town Fair Tire denies them.

9.      As to the allegations in Paragraph 9, Town Fair Tire states that this paragraph contains statements and conclusions of law to which no response is required.  To the extent this paragraph contains any allegations of fact, Town Fair Tire denies them.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to set forth a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Powers' claims are barred by the doctrines of waiver, estoppel, and laches.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Powers has suffered any damages, which Town Fair Tire denies, Powers has failed to mitigate his damages.

### FOURTH AFFIRMATIVE DEFENSE

Powers is not entitled to some or all of the forms of relief he requests as a matter of law.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of Powers' claims are barred by the applicable statutes of limitations.

### RESERVATION OF RIGHTS

Town Fair Tire expressly reserves the right to amend its Answer and to assert additional affirmative defenses as may become available during the course of discovery in this action.

### PRAYER FOR RELIEF

WHEREFORE, Town Fair Tire denies that Powers is entitled to the relief requested in the Complaint or any other relief and therefore requests that the Court:

(1) dismiss Powers' Complaint with Prejudice;

(2) enter judgment in favor of Town Fair Tire and against Powers with respect to the Complaint;

(3) award Town Fair Tire its costs, including attorneys' fees, incurred in connection with this action; and

(4) grant Town Fair Tire such further relief as this Court deems just and proper.

                                        Respectfully submitted,

                                        TOWN FAIR TIRE CENTERS, INC.,

                                        By its attorneys,

                                        /s/ Hobart F. Popick
                                        Danielle Y. Vanderzanden (BBO # 563933)
                                        Hobart F. Popick (BBO # 658763)
                                        Day, Berry & Howard LLP
                                        260 Franklin Street
                                        Boston, Massachusetts 02110-3179
DATED: May 18, 2004               (617) 345-4600

## CERTIFICATE OF SERVICE

    I, Hobart F. Popick, hereby certify that on the 18th day of May, 2004, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to: Stephen G. Morte, 74 Main Street, Marlborough, MA, 01752.

                                        /s/ Hobart F. Popick
                                        Hobart F. Popick