## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GERALD C. POWERS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 04-10950-NG |
| | ) | |
| TOWN FAIR TIRE CENTERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OF LAW IN
## SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 37(b)(1) and (2), the Defendant, Town Fair

Tire Centers, Inc. ("Town Fair"), hereby moves this Court to dismiss Plaintiff's Complaint in the

above-referenced matter because Plaintiff has failed to attend his own deposition, in direct

violation of an order of this Court.

## I.    BACKGROUND

On or about April 16, 2004, Plaintiff filed this action, in which he alleges that Town Fair

refused to hire him for a sales position because he is a paraplegic, in violation of the Americans

with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Following an initial scheduling

conference on July 13, 2004, Town Fair diligently pursued discovery, including attempts to take

the deposition of Plaintiff.

On October 18, 2004, Town Fair served a Notice of Deposition on Plaintiff's counsel,

Attorney Stephen Morte, scheduling Plaintiff's deposition for November 17, 2004. See Notice

of Deposition, attached hereto as Exhibit 1. Shortly thereafter, the parties entered into settlement

discussions, and counsel agreed to reschedule Plaintiff's deposition to December 6, 2004. See

Letter to H. Popick dated October 28, 2004, attached hereto as Exhibit 2. On December 3, 2004,

at the request of Plaintiff's counsel, the deposition was once again rescheduled, this time to January 6, 2005.  See Letter to S. Morte dated December 6, 2004, attached hereto as Exhibit 3. At that time, Plaintiff's counsel advised Town Fair's attorney that despite diligent efforts he had been unable recently to communicate with his client.

On December 15, 2004, at a Status Conference before this Court, Plaintiff's counsel advised the Court that he had not heard from his client, and thus could not report on the status of the case.  Plaintiff's counsel also stated that he was contemplating moving the court to withdraw his appearance on behalf of Plaintiff.  The Court subsequently ordered that (1) Plaintiff appear for his deposition on January 6, 2005 and (2) the parties inform the Court of the status of settlement discussions by January 13, 2005.  See Order dated January 5, 2005, attached hereto as Exhibit  4.

With the agreement of the parties and in order to accommodate Attorney Morte's schedule, Plaintiff's deposition was rescheduled to January 21, 2004.  See Re-Notice of Deposition, attached hereto as Exhibit 5.  However, shortly thereafter, Plaintiff's counsel stated again that he had not received any communications from Plaintiff, and on January 12, 2005, Plaintiff's counsel filed a Motion to Withdraw as counsel for the Plaintiff.  Pursuant to the Court's January 5, 2005 Order, on January 13, 2005 the parties advised the Court of this latest development and the continued failure of Plaintiff to communicate with his counsel.  See Letter dated January 13, 2005, attached hereto as Exhibit 6.

Plaintiff did not appear for his deposition on January 21.  As a result, Town Fair's attorney stated on the record that Town Fair intended to move to default the Plaintiff.  See Scheduled Deposition of G. Powers, attached hereto as Exhibit 7, at 4-5.  Plaintiff's counsel

reiterated that despite numerous attempts to reach Plaintiff, Plaintiff's counsel had not heard from him.  Exhibit 7, at 5.

## II.    ARGUMENT

### A.    This Court Should Dismiss Plaintiff's Claims Because He Has Refused to Comply with the Court's Order Compelling Him to Attend His Deposition

Fed. R. Civ. P. 37(b)(2) provides in relevant part that "[i]f a party . . . fails  to obey an order to provide or permit discovery ... the court in which the action is pending on motion may make such orders in regard to the failure as are just."  See e.g. LaPlace-Bayard v. Batlle, 295 F.3d 157, 162 (1st Cir. 2002) (court has broad discretion to issue sanctions for discovery misconduct).  Among the sanctions explicitly envisioned by Rule 37 is the granting of "[a]n order ... dismissing the action ... or rendering a judgment by default against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(C).  Failure to attend a deposition after being ordered to do so may also constitute contempt of court.  Fed. R. Civ. P. 37(b)(1).

Dismissal is warranted where, as here, a Plaintiff refuses to attend his own deposition, in violation of a court order.  See, e.g. Guex v. Allmerica Financial Life Insurance and Annuity Co., 146 F.3d 40 (1st Cir. 1998).  Plaintiff's deposition was scheduled and rescheduled several times to accommodate Plaintiff and his counsel, yet still Plaintiff has failed to appear.  Upon information and belief, Plaintiff's counsel advised Plaintiff of his obligation not to obstruct the discovery process, and attempted repeatedly to ensure that Plaintiff would attend his deposition. Despite these efforts, Plaintiff refused to respond to his own attorney, and ultimately simply refused to appear at his deposition.  Because Plaintiff has demonstrated a disregard of his discovery obligations and of this Court's authority, his Complaint should be dismissed.

**B.    Town Fair Has Been Harmed By Plaintiff's Unwarranted Failure to Comply With the Court's Order**

Plaintiff's defiance of this Court's order has unfairly impeded Town Fair's discovery in this matter. Town Fair has been, and continues to be, prejudiced by the Plaintiff's abject failure to comply with the Court's order and otherwise to respond to Town Fair's legitimate discovery requests. Nearly ten months after this action was filed, Town Fair has yet to complete the deposition of Plaintiff and uncover the details of Plaintiff's claim for damages. In addition, Plaintiff's failure to attend his own deposition or cooperate with his own counsel has unnecessarily added to the cost of this litigation and significantly hampered Town Fair's ability to defend itself. Essentially, Town Fair has been forced to continue to litigate a case that Plaintiff has demonstrated he has no interest in pursuing. In light of Plaintiff's indifference in prosecuting this action, combined with his disregard of the order of this Court and the prejudice that has been visited upon Town Fair, Plaintiff's Complaint should be dismissed.

**III.    CONCLUSION**

For the foregoing reasons, the Court should grant Town Fair's Motion to Dismiss Plaintiff's Complaint.

Respectfully submitted,

DEFENDANT,
TOWN FAIR TIRE CENTERS, INC.,

By its attorneys,


/s/ Hobart F. Popick
Danielle Y. Vanderzanden (BBO# 563933)
John P. McLafferty (BBO # 639179)
Hobart F. Popick (BBO # 658763)
DAY, BERRY & HOWARD LLP
260 Franklin Street
Boston, Massachusetts 02110-3179
DATED:  January 31, 2005                      (617) 345-4600

## CERTIFICATE OF SERVICE

    I, Hobart F. Popick, hereby certify that on January 31, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to Plaintiff's counsel, Stephen G. Morte, Esq., Law Offices of Stephen G. Morte, 74 Main Street, Marlborough, MA, 01752.

/s/ Hobart F. Popick
Hobart F. Popick

-5-

Exhibit 1

*Powers*

EXHIBIT NO. __1__

*1·21·05*          *C*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GERALD C. POWERS, JR., | ) |
|  | ) |
| Plaintiff, | ) |
| v. | ) |
|  | ) |
| TOWN FAIR TIRE CENTERS, INC., | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

Civil Action No. 04-10950-NG

## NOTICE OF DEPOSITION OF GERALD C. POWERS, JR.

Pursuant to Fed. R. Civ. P. 30 and 45, Defendant in this action, Town Fair Tire Centers,

Inc., by its attorneys, will take the deposition upon oral examination of Gerald C. Powers, Jr., on

Wednesday, November 17, 2004 at 9:30 a.m., at the offices of Day, Berry & Howard, LLP, 260

Franklin Street, Boston, Massachusetts 02110, before a Notary Public in and for the

Commonwealth of Massachusetts or other person duly authorized to administer oaths. The

deposition will continue from day to day until completed.

You are invited to attend and cross-examine.

TOWN FAIR TIRE CENTERS, INC.,

By its attorneys,

_____

Danielle Y. Vanderzanden (BBO # 563933)
John P. McLafferty (BBO # 639179)
Hobart F. Popick (BBO # 658763)
DAY, BERRY & HOWARD LLP
260 Franklin Street
Boston, Massachusetts 02110-3179
(617) 345-4600

DATED: October 18, 2004

## CERTIFICATE OF SERVICE

    I, Hobart F. Popick, hereby certify that on the 18th day of October, 2004, I served the foregoing via first-class mail, postage prepaid, upon Plaintiff's counsel, Stephen G. Morte, Esq. of the Law Offices of Stephen G. Morte, 74 Main Street, Marlborough, MA, 01752.

<div align="right">
Hobart F. Popick
</div>

Exhibit 2

LAW OFFICES OF

## Stephen G. Morte

74 MAIN STREET
MARLBOROUGH, MA 01752
(508) 481-2332
FAX: (508) 624-4110
e-mail: stephen.morte@verizon.net

RECEIVED
NOV 1 2004
DAY, BERRY & HOWARD
BOLTON, MA 01740
(978) 779-5321

October 28, 2004

Hobart F. Popick, Esquire
DAY, BERRY & HOWARD
260 Franklin Street
Boston MA 02110

    Re:    Gerald C. Powers, Jr.
           vs. Town Fair Tire Centers, Inc.
           Docket No.: 04-10950-NG

Dear Attorney Popick:

    Please allow this letter to confirm that you have agreed to reschedule Mr. Powers'
deposition from November 17, 2004 to Monday, December 6, 2004 at 9:00 A.M.

    Thank you for your cooperation in this matter.

Very truly yours,

Diane Kelly

:dk

Exhibit 3

# Day, Berry & Howard LLP
## COUNSELLORS AT LAW

**FILE**

Hobart F. Popick
Direct Dial: (617) 345-4767
E-mail: hfpopick@dbh.com



*Powers*
EXHIBIT NO. 2
1·21·05        C

December 6, 2004

**VIA U.S. MAIL**

Stephen G. Morte, Esq.
Law Offices of Stephen G. Morte
74 Main Street
Marlborough, MA 01752

Re:    **Gerald C. Powers, Jr. v. Town Fair Tire Centers, Inc.**
       **Civil Action No. 04-10950-NG**

Dear Steve:

I am writing to confirm our telephone conversation of Friday, December 3, 2004, in which you requested that Powers's deposition be postponed. We agreed that Powers's deposition will now take place on Thursday, January 6, 2005 at 9:00 a.m., at the offices of Day, Berry & Howard LLP, 260 Franklin Street, Boston, Massachusetts.

Very truly yours,

Hobart F. Popick

HFP/CAA

cc:    Danielle Y. Vanderzanden, Esquire
       David M. Jaffe, Esquire

51288952_1.DOC 091047.00100
December 6, 2004 11:55 AM
260 Franklin Street  |  Boston, MA 02110  |  t 617 345 4600 f 617 345 4745
Boston   Greenwich   Hartford   New Haven   New York   Stamford   West Hartford   www.dbh.com

Exhibit 4

Popick, Hobart F.

*Powers*

EXHIBIT NO. 3

1/21/05         C

From:               ECFnotice@mad.uscourts.gov
ent:                Wednesday, January 05, 2005 9:16 AM
ro:                 CourtCopy@mad.uscourts.gov
Subject:            Activity in Case 1:04-cv-10950-NG Powers v. Town Fair Tire Centers, Inc. "Order"


***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.
<!-- rcsid='\$Header: /ecf/district/html/TextHead,v 3.1 2003-04-25 07:56:43-04 loy Exp \$' -->
United States District Court
District of Massachusetts

Notice of Electronic Filing
The following transaction was entered on 1/5/2005 at 9:16 AM EST and filed on 12/16/2004

#ident 'rcsid=\$Header: /ecf/district/server/TextBody,v 3.1 2003-04-25 07:52:35-04 loy Exp \$'
Case Name: Powers v. Town Fair Tire Centers, Inc.
Case Number: 1:04-cv-10950 https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?92124

Document Number:
Copy the URL address from the line below into the location bar of your Web browser to view the document:

Docket Text:
Judge Joyce London Alexander : Electronic ORDER entered.  re Status Conference: The deposition of the plaintiff, Gerald Powers, shall be taken by the defendant on January 6, 2005.  The parties shall engage in settlement discussions and inform the Court of status on January 13, 2005.(Brown, Rex)

The following document(s) are associated with this transaction:


<!-- rcsid='\$Header: /ecf/district/server/TextAtyList,v 3.2 2003-06-02 17:37:56-04 bibeau Exp \$' -->
1:04-cv-10950 Notice will be electronically mailed to:
John P. McLafferty                jpmclafferty@dbh.com,  edoyle@dbh.com

Stephen G. Morte                  stephen.morte@verizon.net

Hobart F. Popick                  hfpopick@dbh.com,  caaudunson@dbh.com;jmwashburn@dbh.com

Danielle Y. Vanderzanden          dvanderzanden@dbh.com,  plroworth@dbh.com


1:04-cv-10950 Notice will not be electronically mailed to:

Exhibit 5

*Powers*
EXHIBIT NO. 4
*1·21·05      C*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERALD C. POWERS, JR.,      ) | |
|      ) | |
|      ) | |
| Plaintiff,      ) | |
| v.      ) | Civil Action No. 04-10950-NG |
|      ) | |
| TOWN FAIR TIRE CENTERS, INC.,      ) | |
|      ) | |
| Defendant.      ) | |
|      ) | |

## RE-NOTICE OF DEPOSITION OF GERALD C. POWERS, JR.

Pursuant to Fed. R. Civ. P. 30 and 45, Defendant in this action, Town Fair Tire Centers, Inc., by its attorneys, will take the deposition upon oral examination of Gerald C. Powers, Jr., on Friday, January 21, 2005 at 10:00 a.m., at the offices of Day, Berry & Howard, LLP, 260 Franklin Street, Boston, Massachusetts 02110, before a Notary Public in and for the Commonwealth of Massachusetts or other person duly authorized to administer oaths. The deposition will continue from day to day until completed.

You are invited to attend and cross-examine.

TOWN FAIR TIRE CENTERS, INC.,

By its attorneys,

Danielle Y. Vanderzanden (BBO # 563933)
John P. McLafferty (BBO # 639179)
Hobart F. Popick (BBO # 658763)
DAY, BERRY & HOWARD LLP
260 Franklin Street
Boston, Massachusetts 02110-3179
(617) 345-4600

## CERTIFICATE OF SERVICE

I, Hobart F. Popick, hereby certify that on the 12th day of January, 2005, I served the foregoing via first-class mail, postage prepaid, upon Plaintiff's counsel, Stephen G. Morte, Esq. of the Law Offices of Stephen G. Morte, 74 Main Street, Marlborough, MA, 01752.

Hobart F. Popick

Exhibit 6



*Powers*
EXHIBIT NO. 5
1·21·05    C

# Day, Berry & Howard LLP

COUNSELLORS AT LAW

COPY

Hobart F. Popick
Direct Dial: (617) 345-4767
E-mail: hfpopick@dbh.com

January 13, 2005

**VIA HAND DELIVERY**

The Honorable Joyce London Alexander
United States Magistrate Judge
United States District Court for the District of Massachusetts
John Joseph Moakley United States Courthouse
One Courthouse Way, Suite 7410
Boston, MA  02210

> *Re:*  *Gerald C. Powers, Jr. v. Town Fair Tire Centers, Inc.*
>        *Civil Action No. 04-10950-NG*

Dear Judge Alexander:

Pursuant to the Court's Order of January 5, 2005, the Plaintiff, Gerald C. Powers, Jr., and the Defendant, Town Fair Tire Centers, Inc. hereby submit, through their respective counsel, the following in order to inform the Court as to the status of settlement discussions in the above-referenced action.

Following the December 14, 2004 Status Conference, on December 27, 2004 the Defendant sent Plaintiff's counsel a letter reiterating its previously-made settlement offer. To date, Plaintiff has not responded to the Defendant's settlement offer. Rather, Plaintiff's counsel has advised the Defendant's attorneys that Plaintiff has refused to communicate with him. As a result, on January 12, 2005, Plaintiff's counsel filed a motion to withdraw as counsel for the Plaintiff. Accordingly, no substantive settlement discussions have taken place since the December 14, 2004 Status Conference.

The deposition of the Plaintiff, which had originally been scheduled to take place on January 6, 2005, has been rescheduled by agreement of counsel for January 21, 2005. Plaintiff's counsel has advised that he may not attend Plaintiff's deposition, but has advised Defendant's counsel that the deposition may take place in his absence. Plaintiff's counsel has stated that he is willing to attend the Plaintiff's deposition if the Plaintiff advises him of his intention to appear.

Please do not hesitate to contact us should the Court have any questions concerning these matters.

Day, Berry & Howard LLP

The Honorable Joyce London Alexander
January 13, 2005
Page 2

Very truly yours,

PLAINTIFF,                                    DEFENDANT,
GERALD C. POWERS, JR.,                        TOWN FAIR TIRE CENTERS, INC.,


By: _____                By: _____
Stephen G. Morte (BBO # 357040)              Danielle Y. Vanderzanden (BBO # 563933)
Law Offices of Stephen G. Morte              John P. McLafferty (BBO # 639179)
74 Main Street                               Hobart F. Popick (BBO # 658763)
Marlborough, Massachusetts  01752            DAY, BERRY & HOWARD LLP
(508) 481-2332                               260 Franklin Street
His attorney.                                Boston, Massachusetts 02110
                                             (617) 345-4600
                                             Its Attorneys.

Exhibit 7

```
 1                                    Volume:    I
                                      Pages:     1 to 7
 2                                    Exhibits:  1 to 5

 3

 4              UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
 5
        * * * * * * * * * * * * * * * *
 6      GERALD C. POWERS, JR.,
                           Plaintiff,
 7
            vs.                          Civil Action
 8                                       No. 04-10950-NG

        TOWN FAIR TIRE CENTERS, INC.,
 9                         Defendant.
        * * * * * * * * * * * * * * * *
10

11

12

13

             SCHEDULED DEPOSITION OF GERALD C. POWERS,
14      JR., a witness called on behalf of the Defendant,
        taken pursuant to the applicable provisions of the
15      Massachusetts Rules of Civil Procedure before
        Cynthia A. Powers, Shorthand Reporter and Notary
16      Public in and for the Commonwealth of
        Massachusetts, at the law offices of Day, Berry &
17      Howard, LLP, 260 Franklin Street, Boston,
        Massachusetts, on Friday, January 21, 2005,
18      commencing at 10:28 a.m.

19

20
                        * * * * * *
21

22

                   KACZYNSKI REPORTING
23          72 CHANDLER STREET, SUITE 3
           BOSTON, MASSACHUSETTS 02116
24                 617 426-6060
```

2

1        APPEARANCES:

2            LAW OFFICES OF STEPHEN G. MORTE
             Stephen G. Morte, Esquire
3            74 Main Street
             Marlborough, Massachusetts 01752
4            Representing the Plaintiff

5            DAY, BERRY & HOWARD LLP
             John P. McLafferty, Esquire
6            260 Franklin Street
             Boston, Massachusetts 02110-3179
7            617 345-4600
             Representing the Defendant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

KACZYNSKI REPORTING

3

1                          I N D E X
       Examination by:    Direct   Cross   Redirect   Recross
2          Mr. McLafferty      4

3

4

5

6

7

8

9

10

11

12                      E X H I B I T S
       Exhibit                                        Page
13
          1          Notice of Deposition of            4
14                   Gerald C. Powers, Jr.

15        2          Letter dated December 6,            4
                     2004
16
          3          E-mail dated January 5, 2005        4
17
          4          Renotice of Deposition of           4
18                   Gerald C. Powers, Jr.

19        5          Letter dated January 13, 2005       4

20

21

22

23

24

4

P R O C E E D I N G S

(Exhibits 1 to 5 marked

for identification)

MR. McLAFFERTY:  This is John

McLafferty, defendant's counsel for Town Fair Tire

in the case of Gerald Powers versus Town Fair Tire

Centers.  Today is January 21st.  Today is the

date that the deposition of the plaintiff Gerald

Powers was scheduled to take place.  It is now

about 10:30, and Mr. Powers has not appeared.

I wanted to just put a few points

on the record and just identify a couple of

documents to be marked as exhibits here.

The first document, which is

identified as Exhibit 1, is the original Notice of

Deposition of Gerald Powers dated October 18 of

2004.  Exhibit 2 is a letter dated December 6,

2004 to Stephen Morte regarding rescheduling the

deposition of Mr. Powers to January 6 of 2005.

Exhibit 3 is a notice from the court dated

January 5, 2005 in which the court ordered that

the plaintiff's deposition take place on

January 6, 2005.  And Exhibit 4 is a Renotice of

Deposition of Gerald Powers dated January 12, 2005

5

1    rescheduling the deposition of Mr. Powers to

2    today, January 21st, 2005.  And then Exhibit 5,

3    the final exhibit, is a letter dated January 13th

4    from plaintiff's counsel and defendant's counsel

5    to the court advising the court of the status of

6    this matter.

7              It is again 10:30.  The deposition

8    was scheduled to be begin at ten o'clock.

9    Mr. Powers has not showed up.  We have no

10   expectation that he will be appearing today.

11   *              It would be our intention to file

12   a motion to default Mr. Powers for failure to

13   comply with his obligation to attend his

14   deposition pursuant to the Rules of Civil

15   Procedure as well as the court order.

16             I will invite Mr. Morte, who is on

17   telephone right now, to make a statement.

18             MR. MORTE:  For purposes of the

19   record, I have not heard from my client.  I stand

20   ready, willing, and able to represent him; but I

21   have not heard from him despite numerous attempts

22   to reach him.  That's it.

23             MR. McLAFFERTY:  That's all I have

24   to say as well.  Steve, I will send copies of the

6

1          exhibits.  We're concluded.

2                         (Whereupon, the deposition was

3          concluded at 10:30 a.m.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

7

1

2

3                    C E R T I F I C A T E

4

5

6

7            I, Cynthia A. Powers, Shorthand Reporter

8    and Notary Public in and for the Commonwealth of

9    Massachusetts, do hereby certify that the

10    foregoing transcript was recorded stenographically

11    by me, reduced to typewriting under my direction,

12    and is a true record of the proceedings on the

13    21st day of January 2005.

14

15            In witness whereof, I have hereunto set my

16    hand and seal this 21st day of January 2005.

17

18

19

20                          Notary Public

21                          Notary Public

22                          My commission expires

23                          July 2, 2010

24