UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 2004-CV-10950-NG

GERALD C. POWERS, JR.,

Plaintiff

V.

TOWN FAIR TIRE CENTERS, INC,

Defendant

**REPORT AND RECOMMENDATION ON**

**DEFENDANT'S MOTION TO
DISMISS PLAINTIFF'S COMPLAINT
(Docket #16)**

ALEXANDER, M.J.

The plaintiff, Gerald C. Powers Jr., filed a complaint against the defendant, Town Fair Tire Centers, Inc. ("Town Fair"), alleging that Town Fair discriminated against him by not hiring him for a sales position on the basis that he is a paraplegic. Mr. Powers originally filed his complaint in Massachusetts state court in April 2004. Town Fair thereafter removed the case to federal court. The parties appeared before this Court for a scheduling conference on July 13, 2004, and on December 15, 2004, for a status conference.

At the December 15 conference, Attorney Stephen G. Morte, counsel for

Case 1:04-cv-10950-NG    Document 22    Filed 04/11/2005    Page 2 of 4

Mr. Powers, indicated that his client was no longer responding to attempts to communicate, and that Attorney Morte might, therefore, file a motion to withdraw. Following the status conference, this Court issued an order directing Mr. Powers to appear for his deposition on January 6, 2005, and ordering the parties to inform the Court by January 13, 2005, as to the status of any settlement discussions. On January 13, the parties sent a letter to the Court stating that Mr. Powers' deposition had been re-scheduled to January 21, 2005, at the request of Attorney Morte. Contained therein was a representation that Mr. Powers was still refusing to communicate with Attorney Morte. Predictably, Mr. Powers failed to appear for his January 21 deposition. Attorney Morte, however, did appear, and indicated, again, that he has been unable to communicate with his client. Mr. Powers' counsel motion to withdraw was thereafter allowed, and, as far as this Court is aware, Mr. Powers has not retained new counsel.

In light of Mr. Powers' failure to appear for his deposition – a deposition that had been ordered by this Court – Town Fair filed its motion to dismiss Mr. Powers' complaint. Mr. Powers has not filed an opposition or otherwise responded to the motion. He also failed to appear at the duly notified (return-receipt) hearing on the motion that took place on March 9, 2005.

2

Pursuant to Fed. R. Civ. P. 37(b)(2),

> [i]f a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following . . . (C) An order . . . dismissing the action . . . or rendering a judgment by default against the disobedient party."

Although the Court has discretion to issue sanctions, dismissing a case is "obviously the most extreme remedy." Big Top USA, Inc. v. Whittern Group, 183 F.R.D. 331, 339-40 (D. Mass. 1998).

Mr. Powers' deposition was, according to Town Fair, originally scheduled for November 17, 2004. Because the parties were engaged in settlement discussions, however, they agreed to re-schedule the deposition to December 6, 2004. On December 3, at the request of Mr. Powers' counsel, the deposition was again re-scheduled, this time to January 6, 2005. Despite this Court's Order directing Mr. Powers to appear for his deposition, which was then re-scheduled yet again to January 21, 2005, Mr. Powers failed to appear. The failure of a plaintiff to appear at a court-ordered deposition might not, however, on its own, warrant dismissal of the plaintiff's case. See Guex v. Allmerica Fin. Life Ins. & Annuity Co., 146 F. 3d 40 (1st Cir. 1998).

Although the defendant in <u>Guex</u> successfully moved to dismiss the complaint on the basis of the plaintiff's failure to appear for his deposition, the complaint was dismissed only after the plaintiff failed to respond to the court's order that he show cause as to why the case should not be dismissed. <u>Id.</u> at 42.

In Mr. Powers' case, he has not only failed to appear for a court-ordered deposition, but also failed to respond to, or appear for the hearing on, the ensuing motion to dismiss. Additionally, he has been so unresponsive to his own counsel that this Court allowed his counsel to withdraw. By all accounts, Mr. Powers has lost interest in his own case.

For the foregoing reasons, and pursuant to Fed. R. Civ. P. 37, this Court RECOMMENDS that the District Court ALLOW Town Fair's motion to dismiss. SO ORDERED.

4/11/05                                                  /S/ Joyce London Alexander
Date                                                     United States Magistrate Judge